# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY J. BRODZKI, | Case No. 2:11-cv-01953-PMP-GWF |
| Plaintiff, | |
| vs. | **ORDER AND FINDINGS AND RECOMMENDATIONS** |
| CITY OF LAS VEGAS, | Application to Proceed In Forma Pauperis (#1) and Screening of Complaint (#1-1) |
| Defendant. | |

This matter is before the Court on Plaintiff's Application to Proceed In Forma Pauperis (#1), filed on December 7, 2011. The Court finds that Plaintiff is unable to prepay the filing fee. However, the Court also recommends that the Complaint (#1-1) be dismissed with prejudice as delusional and frivolous.

**I.**     *In Forma Pauperis* **Application (#1)**

Plaintiff Anthony Brodzki filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee and Plaintiff's request to proceed in forma pauperis (#1) will be granted.

**III.**     **Screening the Amended Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon

1  which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in
2  support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th
3  Cir. 1992); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A complaint may be dismissed as
4  frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v.*
5  *Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate
6  when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are
7  judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.  When a court
8  dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with
9  directions as to curing its deficiencies, unless it is clear from the face of the complaint that the
10 deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.
11 1995).
12         In his Complaint, Plaintiff Anthony Brodzki alleges that he was raped repeatedly as a child in
13 Chicago by law enforcement personnel.  Plaintiff alleges that the City of Las Vegas tortured and water
14 boarded him using police disorientation equipment.  Plaintiff claims Clark County Sheriff Doug
15 Gillespie started a campaign to remove Plaintiff from his condominium using electronic equipment and
16 dispatch equipment in police vehicles, which causes sleep deprivation and pain.  Plaintiff states that he
17 was rushed out of Las Vegas over 40 times, and on one occasion the police department told him "is this
18 what you felt as a kid," referring to Plaintiff's allegations that he was raped by police officers as a child.
19 Plaintiff claims that he cannot live in Nevada because he is an undocumented rape victim and members
20 of the police department are responsible for his rape.  Plaintiff therefore asks for punitive damages in
21 the amount of $50 million and asks the Court to impose a restraining order.
22         The Court finds that these statements are fantastic, delusional and irrational and will therefore
23 recommend that the Complaint be dismissed with prejudice as it is clear from the face of the Complaint
24 (#1-1) that the deficiencies cannot be cured by amendment.[1]    Accordingly,
25 . . .

---

[1] Plaintiff previously file a complaint with the Court that allege nearly identical facts. *See* Case No. 2:10-cv-02051-KJD-GWF.  The Court issued Report and Recommendation (#5), recommending dismissal with prejudice, which is currently pending before the Court.

1    **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

4    **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint should be **dismissed with prejudice** as delusional and frivolous and as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 3rd day of January, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge